## THE EPHRAIM AND ANNA.[1]

*(Circuit Court, E. D. Pennsylvania.   May 5, 1884.)*

SALVAGE—SEVERAL SALVORS—DEVIATION BY TOW—INTERPLEADER BETWEEN SEVERAL SALVORS.
> Where a tow-boat, while towing a ship from one port to another, by a slight deviation, rescues an abandoned vessel and tows it astern to port, the tow-boat is alone entitled to salvage.   A deviation for the purpose of rescuing a vessel may affect the insurance of the tow, and force a breach of the contract of towage; but that does not entitle the tow to compensation in the nature of salvage.

Appeal by the Mary L. Cushing from the Decree of the District Court awarding salvage exclusively to the tug Storm King.

Libels were filed by the masters of the tow-boat Storm King and the ship Mary L. Cushing, presenting substantially the same facts, as follows:   That on the fifteenth day of June, 1883, at 6 o'clock A.

[1] Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

M., the said tow-boat Storm King was proceeding from Boston to Philadelphia, with the ship Mary L. Cushing in tow, bound for Philadelphia, and when off Barnegat light, bearing W. ½ N., and about 27 miles distant, the master of the tow-boat sighted a schooner in distress, with flags flying in the fore and main rigging, to seaward of the tug-boat, and on her port bow, about 10 miles distant; that the tow-boat thereupon altered its course and stood towards the vessel, which appeared to be in distress; that he sent a boat with men on board, and found the schooner abandoned; that thereupon he took the schooner in tow, astern of the ship, fastened with a hawser belonging to the tow-boat, and towed both into the breakwater, at which place he procured the services of another tug to take the ship to Philadelphia, and proceeded with the schooner in tow to the port of Philadelphia, where he arrived in safety on the following morning.

By agreement of counsel for the three vessels and for the Virginia Home Insurance Company, the court decreed an interpleader between the parties, and fixed the amount of salvage at $1,200. Subsequently judgment was entered for the full amount of salvage in favor of the Storm King, whereupon the Mary L. Cushing appealed.

*Curtis Tilden* and *Henry Flanders*, for appellants.

Where the cargo being towed assents, or may be presumed to have assented, to a deviation to rescue a vessel, it is entitled to a proportion of the salvage. *The Blaireau*, 2 Cranch, 240; *The Nathaniel Hooper*, 3 Sumn. 543. That delay or departure from the course of the voyage to save property is a deviation, and involves a loss of insurance, is a well-settled principle of American law. *The Cora*, 2 Wash. C. C. 80; *Foster* v. *Gardner*, Amer. Jur. No. 21; *The Henry Ewbank*, 1 Sumn. 400. In the latter case Judge STORY said that any stoppage on the high seas, except for the purpose of saving life, would be a deviation, and discharge the underwriter. *The Boston and Cargo*, Id. 328. This is likewise the law of England, and so expressly held in *Scaramango* v. *Stamp*, L. R. 5 C. P. Div. 295.

*Morton P. Henry*, for the Storm King.

Towage is a contract by which the tug undertakes to expedite a voyage. The tug is neither a common carrier nor a bailee of the tow. *Transp. Line* v. *Hope*, 95 U. S. 297. The tug is not the servant of the tow, nor are its servants the servants of the ship. *Sturgis* v. *Boyer*, 24 How. 110; *The Galatea*, 92 U. S. 439; *The James Gray*, 21 How. 184. When a tug undertakes to tow a vessel, each vessel, in its own way, is liable for the acts of its servants, and not one for the other,—the ship, if its servants, and the tug, if its servants, are in fault. *The Galatea, supra*; *The Margaret*, 94 U. S. 494. But if the ship had the right to refuse, such services are not of the merit which makes the owner of the vessel a salvor, or entitles him to participate. Such services are compensated by way of equitable compensation, when any real damage is done or a loss is sustained. *Hawkins* v. *Avery*, 32 Barb. 551; *The Charlotte*, 3 W. Rob. 68. If a devi-

ation does take place for the purpose of a rescue, the tug becomes an insurer of itself and the ship in tow, and liable for any subsequent misadventures. *Scaramango* v. *Stamp*, L. R. 5 C. P. Div. 299; *Davis* v. *Garrett*, 6 Bing. 716.

McKENNAN, J. Obviously, the just basis of apportionment of salvage among several salvors is the extent of the salvage service rendered by them respectively. Judged by this standard, it is difficult to see upon what ground of merit the claim of the Mary L. Cushing, for any part of the salvage allowed, can rest. It is true that the derelict schooner was fastened to her by a hawser, and in this condition they were towed to the Delaware breakwater by the steam-tug Storm King. But she was only a passive means of towage employed by the tug, and rendered no actual, effective service herself. This was altogether performed by the tug. There is no other evidence of contributory service by the ship, and I think that is not of a character, under the circumstances, to entitle her to any part of the salvage compensation.

It was earnestly urged by the learned proctor for the appellant that the ship ought, at least, to share in the salvage, because she was taken out of her course by the tug, and thus subjected to the risk of forfeiture of her policy of insurance. Really, the departure made from the ship's most direct path did not involve any increase of the hazards of navigation. The deflection from a direct course was so slight, and the consequent prolongation of the voyage so inconsiderable, that both may be said to be inappreciable. Besides, when the signals of the distressed vessel were seen, the tug had good reason to apprehend that human life was in peril, and so was justified in going to her relief. But when it was found that the crew of the schooner had abandoned her, and that no merely humane service was needed, the tug, by attaching a hawser to her and towing her to a place of safety, may have thereby been guilty of a deviation, in its narrowest, technical sense. It may also have devolved upon itself the liabilities of the Mary L. Cushing's insurers, and have incurred damages for a formal breach of its contract of towage; but all this did not constitute the Mary L. Cushing a salvor, and entitle her to compensation, which can be claimed in that character alone.

A decree will therefore be entered awarding the whole salvage fund to the Storm King, dismissing the libel of L. W. Brown, master of the Mary L. Cushing, and directing that the costs of his interpleader be paid by him and his stipulator.